AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| United States of America<br>v.<br><br>JOSHUA G. LAVIGNE and<br>DONTE T. BUCKLEY<br><br>*Defendant(s)* | Case No. 22-MJ-719 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __10/1/22 through 10/7/22__ in the county of __Chemung and Steuben__ in the __Western__ District of __New York__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 846 | Conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing methamphetamine, a schedule II controlled substance. |

This criminal complaint is based on these facts:

See attached affidavit of DEA Special Agent Christopher Mahaffey

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher Mahaffy, DEA Special Agent
*Printed name and title*

Affidavit and Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed. R. Crim.P. 4.1 and 4 (d) on:

Date: October 28, 2022

*Judge's signature*

City and state: Rochester, New York

Hon. Mark W. Pedersen, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v-                                                         AFFIDAVIT

JOSHUA G. LAVIGNE                            22-MJ-719
DONTE T. BUCKLEY

        Defendant.

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, **CHRISTOPHER MAHAFFY**, being duly sworn, depose and state:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

2. I have been employed with the Drug Enforcement Administration since May 2014. I am currently assigned to the DEA Rochester Resident Office. Prior to becoming a DEA Special Agent, I received a Bachelor of Arts degree in Public Justice from the State University of New York at Oswego in May 2007. During my employment with the Drug Enforcement Administration, I completed 18 weeks of training at the DEA Office of Training, located in Quantico, Virginia, prior to being assigned to the Rochester Resident Office. My training included classroom preparation in drug trafficking networks, drug identification, as well as

1

practical application of surveillance, drug investigation, and arrest procedures. During my tenure with the DEA, I have participated in numerous investigations relating to armed individuals that were involved in the distribution of controlled substances, including heroin, cocaine, cocaine base, methamphetamine, and other substances. I have also participated in numerous interviews and debriefings of individuals involved in armed drug trafficking. I am familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in the armed trafficking of illegal drugs. Additionally, I am familiar with the methods of use, effects, distribution, appearance, as well as the methods of manufacture of controlled substances. I have been the affiant on multiple federal and state search warrants, arrest warrants and other applications. During my time at the Rochester Resident Office, I have participated in multiple long-term narcotics investigations that utilized the court-authorized interception of wire communications that have resulted in the arrest of drug distributors, and the seizures of quantities of controlled substances and firearms.

3. This affidavit is submitted in support of a criminal complaint charging JOSHUA G. LAVIGNE and DONTE T. BUCKLEY with conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846. The assertions made herein are based upon my personal knowledge or upon information I have received from other law enforcement officers relating to this investigation. Further, I have had discussions with officers involved in this investigation who have confirmed the accuracy of the information contained within this affidavit. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists

to believe that the defendants committed the above-described offense. In support thereof, I respectfully state the following.

### Criminal History

4. JOSHUA G. LAVIGNE is a 32-year-old white male who is a United States citizen. On November 29, 2012, LAVIGNE was convicted upon a plea of guilty in the Elmira City Court of Criminal Obstruction of Breathing, a misdemeanor, and sentenced to three years' probation. On June 12, 2013, LAVIGNE was convicted upon a plea of guilty in the Elmira Heights Village Court of Resisting Arrest, a misdemeanor, and Criminal Contempt in the Second Degree, a misdemeanor, and sentenced to a conditional discharge term of 60 days. On November 20, 2014, LAVIGNE was convicted upon a plea of guilty in the Elmira City Court of Criminal Possession of a Controlled Substance in the Seventh Degree, a misdemeanor, and sentenced to 90 days' imprisonment.

5. DONTE T. BUCKLEY is a 26-year-old black male who is a United States citizen. On June 9, 2014, BUCKLEY was convicted upon a plea of guilty in the Horseheads Village Court of Criminal Trespass in the Third Degree, a misdemeanor, and sentenced to a conditional discharge. On June 2, 2017, BUCKLEY was convicted upon a plea of guilty in the Chemung County Court of Criminal Possession of a Weapon in the Second Degree, a felony, and sentenced to 42 months imprisonment with 30 months post release supervision.

### CS-1 Information

6. In October of 2022, investigators with the New York State Police Violent Gangs and Narcotics Enforcement Unit, hereinafter "VGNET," was provided information

from a confidential source, hereinafter CS-1[1], that LAVIGNE and BUCKLEY distribute large amounts of methamphetamine in the Elmira, New York, area and that they also transport and distribute the methamphetamine in Steuben County. Specifically, CS-1 informed investigators that LAVIGNE was storing and distributing controlled substances out of LAVIGNE'S residence, 713 Stacia Drive Apartment B, Southport, New York, which is a multi-family residence, and that BUCKLEY was storing and distributing methamphetamine out of BUCKLEY'S residence, 709 Broadway Street, Elmira, New York, which is a multi-family residence. CS-1 stated that he/she knows both LAVIGNE and BUCKLEY to possess firearms in furtherance of their narcotics trafficking. CS-1 further stated that he/she has purchased methamphetamine from both LAVIGNE and BUCKLEY several times within the previous year.

### CS-1 Controlled Purchase from LAVIGNE and BUCKLEY

7.      During the month of October 2022, investigators with VGNET and Elmira Police Department Drug Enforcement Unit, hereinafter "EPDEU," met with CS-1 in order to formulate a plan to conduct a controlled purchase of methamphetamine from LAVIGNE and BUCKLEY. Members of the VGNET and the EPDEU instructed CS-1 to contact LAVIGNE, and a designated meet location in Southport, New York was agreed upon by

---

[1] Your affiant states that CS-1 is personally known to members of the New York State Police and the Elmira Police Department. The information provided by CS-1 has been corroborated through independent investigation, monitored face-to-face conversations, a controlled purchase of narcotics, and by information received independently and separately from other law enforcement agencies. CS-1 has provided agents reliable information, relative to narcotics and weapons trafficking, which has been independently corroborated and led to the seizure of narcotics and firearms. Therefore, agents have determined CS-1 to be reliable. CS-1's identity is being withheld from this affidavit to protect him/her from retaliation and to further utilize him/her in this and future investigations.

4

both parties. CS-1 and his/her vehicle were searched with negative results for weapons and contraband, and CS-1 was provided a recording device. At the direction and supervision of controlling investigators, CS-1 then traveled to the meet location to meet with LAVIGNE. Upon arrival and meeting with LAVIGNE, LAVIGNE instructed CS-1 to drive him to BUCKLEY's residence, located at 709 Broadway Street, Elmira, New York, to complete the controlled purchase of methamphetamine. Members of the VGNET and EPDEU maintained surveillance of CS-1 and LAVIGNE as they traveled to BUCKLEY's residence, at which time CS-1 and LAVIGNE entered the residence. CS-1 informed controlling agents that once inside the residence, BUCKLEY provided a quarter pound[2] of methamphetamine to him/her on consignment. After the controlled purchase, CS-1 departed 709 Broadway Street and returned to a neutral location while under constant surveillance from member of the VGNET and the EPDEU. Upon arrival at the neutral location, CS-1 provided controlling investigators with the suspected methamphetamine and the recording device. CS-1 and his/her vehicle were again searched with negative results for weapons and contraband. After the controlled purchase, VGNET Inv. Grebleski completed a field test of the suspected methamphetamine, which yielded a positive result for the presence of methamphetamine.

### Motor Vehicle Stop

8.      On October 7, 2022, a uniformed New York State Trooper conducted a traffic stop for traffic violations on a blue Kia Sportage bearing New York Registration number EL-554, hereinafter the "blue Kia SUV" driven by BUCKLEY with LAVIGNE as a rear seat

---

[2] 1/4 pound = 113.398 grams.

passenger. In addition to LAVIGNE and BUCKLEY, K.S. and L.G.[3] were also determined to be occupants of the blue Kia SUV, with BUCKLEY driving, K.S. in the front passenger seat, LAVIGNE in the rear passenger seat and L.G. in the driver's side rear seat. BUCKLEY did not have a license and was detained for AUO 2nd. The vehicle BUCKLEY was driving belonged to K.S. and was registered to K.S.'s parents. New York State Troopers along with the VGNET received consent from both BUCKLEY and K.S. to search the blue Kia SUV. During the search, Troopers found a loaded Springfield 9mm handgun bearing serial #MG832416 in a black bag inside K.S.'S purse, along with a digital scale and a plastic baggie containing a white powder. The white powder was field tested and weighed; it field tested positive for cocaine and had a gross weight of approximately 15.23 grams. K.S., stated that the gun belonged to the white boy in the back (LAVIGNE) but later said that BUCKLEY put the gun in her purse. Officers searched the rear seat passengers and found approximately one-half pound[4] of suspected methamphetamine on LAVIGNE'S person. VGNET Inv. Grebleski completed a field test of the suspected methamphetamine, which yielded a positive result for the presence of methamphetamine.

9. During a subsequent interview, LAVIGNE admitted he also had approximately one-half pound of methamphetamine inside of his residence located at 713 Stacia Drive, Apartment B.

---

[3] K.S. and L.G.'S full names are known to law enforcement but are not being included in this affidavit since K.S. and L.G. are not being charged at this time.
[4] 1/2 pound = 226.796 grams.

## Execution of New York State Search Warrant

10. On October 7, 2022, at approximately 8:25 p.m., New York State Police Investigator Brandon Beers obtained a New York State search warrant for 713 Stacia Drive Apartment B, Southport, New York, signed by the Honorable Ottavio Campanella, Chemung County Court Judge. The search warrant was executed on the same day. Law enforcement entered the residence and located approximately six ounces[5] of suspected methamphetamine inside a kitchen drawer along with a digital scale. Law enforcement also observed mail/bills in the name of LAVIGNE. After the search of LAVIGNE'S residence was completed, VGNET Inv. Grebleski transported the evidence to the Troop E VGNET Office in Elmira, New York for processing and safekeeping. The suspected methamphetamine was field tested by Inv. Grebleski with the positive result for the presence of methamphetamine.

11. Based on the above information, your Affiant submits there is probable cause to believe that between on or about October 1, 2022, and on or about, October 7, 2022, in the Western District of New York, JOSHUA G. LAVIGNE and DONTE T. BUCKLEY violated Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing methamphetamine).

---

[5] 6 ounces = 170.097 grams.

_____
Christopher Mahaffy
Special Agent
Drug Enforcement Administration

Affidavit and Criminal Complaint Submitted electronically
by email in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate
telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d)
on October 28, 2022.

_____
HONORABLE MARK W. PEDERSEN
United States Magistrate Judge

8