UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**United States of America,**

      Plaintiff,

v.

**Donte Buckley,**

      Defendant.

**DECISION and ORDER**

22-mj-719-MJP

---

**APPEARANCES**

**For Plaintiffs:**     **Sean C. Eldridge, Esq.**
Assistant U.S. Attorney
100 State St
Room 500
Rochester, NY 14614

**For Defendants:**     **Paul J. Vacca, Esq.**
45 Exchange Blvd
Room 530
Rochester, NY 14614-1879

## INTRODUCTION

I held a preliminary hearing on December 21, 2023. The Government called Special Agent Christopher Mahaffy from the Drug Enforcement Administration ("DEA") and provided four exhibits. Defendant Donte Buckley, through counsel, cross-examined Special Agent Mahaffy. After Defendant moved to dismiss the complaint, both sides rested.

I find there is probable cause to believe that Buckley committed the offenses with which he is charged. I thus **DENY** Buckley's oral motion to dismiss the complaint.

1

## BACKGROUND

The Government filed a complaint against Buckley on October 28, 2022. (ECF No. 1.) It alleges that Buckley participated in a conspiracy to possess, with intent to distribute, 500 grams or more of methamphetamine. (*Id.* ¶ 3.) I note that the Government's case during the preliminary hearing established the same facts alleged in the affidavit supporting the complaint. That is because I received the criminal complaint into evidence during the preliminary hearing as Exhibit 1. Moreover, the testimony Special Agent Mahaffy provided matched the affidavit he signed in support of the complaint. (Mahaffy Aff., ECF No. 1, Oct. 28, 2022.)

***The confidential source alerts law enforcement to Buckley's methamphetamine operation.***

Based on information from a confidential source, the alleged conspiracy included Buckley and a co-defendant. (*Id.* ¶ 6.) The two allegedly "distribute large amounts of methamphetamine in the Elmira, New York, area[.]" (*Id.*) They also allegedly "transport and distribute the methamphetamine in Steuben County." (*Id.*)

The confidential source knew this information personally, informing law enforcement about the location of Buckley's drug operation. The source also stated that he or she knew that Buckley and the co-defendant here "possess firearms in furtherance of their narcotics trafficking." (*Id.*) But law enforcement wanted additional evidence.

### *The confidential source performs a controlled buy involving Buckley.*

Not relying solely on the word of the confidential source, law enforcement determined that the confidential source should attempt a controlled buy from Buckley and the co-defendant. (*Id*. ¶ 7.) Special Agent Mahaffy's hearing testimony tracked the affidavit in support of the complaint, which details Buckley's possession and distribution of narcotics with the co-defendant. Paragraph 7 of the affidavit discusses how Buckley "provided a quarter pound[] of methamphetamine" to the confidential source. (*Id*.) The Government provided a lab report confirming the substance Buckley gave the confidential source was methamphetamine. I received this as Hearing Exhibit 2.

### *I permit post-hearing briefing.*

During the hearing, I noted that I would allow additional briefing on the elements of the conspiracy charge involved here. I set a deadline of December 29, 2023 for this. The Government submitted briefing by that deadline. (Letter, ECF No. 71, Dec. 29, 2023.) It helpfully recites the applicable legal standards and how the Government has met them. Buckley did not submit a letter by that date. That is not Buckley's fault. His attorney wrote to me on January 2, 2024, stating that: "I would indicate to you that because of the holidays, and my secretary being on vacation since December 20, 2023, I was not able to prepare a statement addressing the issues of Probable Cause." (Letter, ECF No. 72.) To avoid prejudice to Buckley, I gave his attorney until January 5, 2024, to provide a post-

3

hearing letter briefing, despite his oversight. (Text Order, ECF No. 73, Jan. 3, 2024.)

Buckley's attorney filed a letter motion on January 3, 2024. (ECF No. 74.) The letter asks me "to dismiss the Preliminary Hearing." (*Id.* at 1.) Much of the letter is devoted to reciting legal standards with which counsel and I are no doubt familiar. But the letter is confusing about whether Buckley is requesting relief under one of the legal standards it recites. First, Buckley notes that "if the government calls witnesses, *Jencks* material should be requested for those witnesses." (*Id.* at 2.) Second, Buckley reminds me that he "has the ability to subpoena witnesses for purposes of the preliminary hearing." (*Id.*) Yet Buckley's attorney did not, as far as I know, subpoena any witnesses, or request *Jencks* material for them. In any event, I have ensured that the procedural requirements for a preliminary hearing have been met. If Buckley disagrees, he may move to reopen the preliminary hearing for testimony or exchange of *Jencks* material.

## STANDARD OF LAW

Fed. R. Crim. P. 5.1 requires me to conduct a preliminary hearing. I must determine if probable cause exists to believe an offense has been committed and that the defendant committed it. Fed. R. Crim. P. 5.1(e). The Government bears the burden of establishing probable cause.

4

### *The Government's burden is low, and the Rules of Evidence do not apply for the preliminary hearing.*

Although the Government bears the burden here, the burden to establish probable cause at this preliminary stage is low. *See Kaley v. United States*, 571 U.S. 320, 338 (2014) ("Probable cause … is not a high bar."); *Clark v. Astrue*, 602 F.3d 140, 147 (2d Cir. 2010) (noting that probable cause "is a lower standard than preponderance of the evidence") (quotation omitted). Both circumstantial evidence and the reasonable inferences drawn from it may support a finding of probable cause. *See United States v. Singh*, 390 F.3d 168, 182 (2d Cir. 2004) ("A showing of nexus" between a person or place and a crime "does not require direct evidence and may be based on reasonable inference from the facts presented based on common sense and experience.") (quotation omitted). In sum, I "must make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before" me that "there is a fair probability that contraband or evidence of a crime will be found." *United States v. Nejad*, 436 F. Supp. 3d 707, 718 (S.D.N.Y. 2020) (quoting *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015)).

As for the hearing itself, the Federal Rules of Evidence do not apply. Fed. R. Evid. 1101(d)(3). As a result, a probable cause finding may be based—in whole or in part—on hearsay. *See id.*; *see also United States v. Sugar*, 606 F. Supp. 1134, 1149 (S.D.N.Y. 1985).

***My role during a preliminary hearing is only to see if the Government has presented sufficient evidence to show probable cause.***

Based on guidance from the Supreme Court, my role at Buckley's preliminary hearing is only to determine if the government has presented sufficient evidence to establish probable cause. The Supreme Court has counselled that probable cause is a "fluid concept." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). "It does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt." *Gerstein v. Pugh*, 420 U.S. 103, 121 (1975). And it is not a "minitrial of the issue of guilt[.]" *Coleman v. Burnett*, 477 F.2d 1187, 1201 (D.C. Cir. 1973).

## ANALYSIS

DEA Special Agent Mahaffy testified, in part, by reading portions of his affidavit in support of the complaint. Mahaffy's testimony detailed Buckley's possession and distribution of narcotics with a co-defendant. Paragraph 7 of Mahaffy's Affidavit, (ECF No. 1), discusses how Buckley participated in a controlled buy and "provided a quarter pound[] of methamphetamine" (which equals, as the Government noted, 113.398 grams) to a confidential source. The Government also introduced a lab report, Hearing Exhibit 2, indicating the following:

- The methamphetamine Buckley gave to the confidential source weighed 109.5 grams, with a margin of error of two-tenths of a gram.

6

- The methamphetamine Buckley gave to the confidential source was 100% pure methamphetamine, within a margin of error of 7%.
- The weight of the pure methamphetamine was 109.5 grams with a margin of error of 7.2 grams.

I find that this evidence is more than sufficient to establish probable cause that Buckley committed offenses under 21 U.S.C. § 846 (conspiracy to violate the federal narcotics laws, specifically, to possess with intent to distribute narcotics) and 21 U.S.C. § 841(a)(1) (possession of a controlled substance with intent to distribute). The evidence shows that Buckley conspired with another and, in fact, distributed methamphetamine. Even so, I discuss each charge in additional detail.

### *The Government shows probable cause for the conspiracy charge.*

I first consider the conspiracy charge. "Section 846 proscribes attempts or conspiracies to commit the substantive narcotics offenses contained in the federal Controlled Substances Act, which criminalizes … the 'manufacture, distribution, or dispensing' of a controlled substance." *United States v. Pimentel*, 346 F.3d 285, 300 (2d Cir. 2003) (quoting 21 U.S.C. § 841(a)(1)) (cleaned up). "The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and the defendant[]" willfully joining it. *United States v. Story*, 891 F.2d 988, 992 (2d Cir. 1989). "The essence of any conspiracy is, of course, agreement, and in order to establish a conspiracy, the government must show that two or more persons entered

7

into a joint enterprise with consciousness of its general nature and extent." *United States v. Chavez*, 549 F.3d 119, 125 (2d Cir. 2008) (citation omitted).

I agree with the Government that the evidence amply demonstrates probable cause. The testimony indicated that the confidential source had knowledge that Buckley and a co-defendant were dealing methamphetamine. When the confidential source asked to purchase methamphetamine, Buckley's co-defendant took the confidential source to Buckley who provided the methamphetamine detailed in the lab report I received as Hearing Exhibit 2. There is no dispute that Buckley gave the confidential source a significant quantity of methamphetamine, as confirmed in Hearing Exhibit 2. And it appears that Buckley gave the confidential source more than 50 grams of methamphetamine. *See* 21 U.S.C. § 841(b).

***The Government shows probable cause for the drug distribution charge.***

Under 21 U.S.C. §§ 841(a) & (b)(1)(A)(viii), Congress has made it unlawful to possess methamphetamine with the intent to distribute it. Buckley aptly raises the point that the complaint alleges that he conspired to distribute 500 grams of a mixture and substance containing methamphetamine. (Compl. at 1, ECF No. 1.) But the quantity of drugs involved is relevant only for sentencing—the crime is complete when the defendant distributes even a small amount of narcotics. *See United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) (noting that because the CSA "specifies no minimum amount, any amount of drugs, however small, will support a conviction when there is additional evidence of intent to distribute"); *Smith*

8

*v. Barr*, 809 F. App'x 54, 56 (2d Cir. 2020) ("The CSA punishes possession with intent to distribute a controlled substance as a felony.").

Buckley fares no better on this charge. The evidence before me plainly shows that Buckley intended to distribute—and did distribute—methamphetamine. Buckley handed a significant amount of methamphetamine to the confidential source as a part of a drug deal. That is enough for probable cause. Buckley may raise the issue of the amount of methamphetamine another day.

## CONCLUSION

For these reasons, I find that the Government has satisfied its burden by presenting sufficient evidence to support a finding that there is probable cause to believe that Buckley committed the offense for which he is charged. I thus **DENY** Buckley's oral motion made during the preliminary hearing to dismiss the complaint and **DENY** his written application to "dismiss" the preliminary hearing.

**IT IS SO ORDERED.**

Dated: January 16, 2024
Rochester, NY

MARK W. PEDERSEN
U.S. MAGISTRATE JUDGE