IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA

v.

24-CR-6016-EAW

DONTE T. BUCKLEY,

        Defendant.

## PLEA AGREEMENT

The defendant, DONTE T. BUCKLEY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a two-count Superseding Information which charges:

    a. In Count 1, a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and distribute, 5 grams or more of methamphetamine), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 40 years, a $5,000,000 fine, a mandatory $100 special assessment, and a term of supervised release of at least 4 years and up to life; and

    b. In Count 2, a violation of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

c. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 - Title 21, United States Code, Section 841(a)(1)

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, namely, to possess with intent to distribute or to distribute a controlled substance;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that the offense involved at least 5 grams of methamphetamine (actual), a Schedule II controlled substance.

### Count 2 - Title 18, United States Code, Section 922(g)(1)

First, that the defendant knowingly possessed a firearm, as charged in Count 2 of the Superseding Information;

Second, at the time the defendant possessed the firearm, he had previously convicted of a crime punishable by a term of imprisonment exceeding one year;

Third, at the time the defendant possessed the firearm, he knew he had previously convicted of a crime punishable by a term of imprisonment exceeding one year; and

Fourth, that the possession of the firearm was in or affecting commerce.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. Between on or about October 4, 2022 and continuing until on or about October 7, 2022, in the Western District of New York and elsewhere, the defendant, DONTE T. BUCKLEY, conspired, combined, and agreed with others, including Joshua Lavigne, to possess with intent to distribute, and to distribute, 5 grams or more of methamphetamine, a Schedule II controlled substance.

   b. Also, on or about October 7, 2022, in the Western District of New York, the defendant, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in or affecting commerce, a firearm, namely, a Springfield 9mm handgun bearing serial number MG832416.

   c. On or about October 4, 2022, law enforcement officers utilized a confidential informant to purchase methamphetamine from the defendant and Lavigne. The informant met with Lavigne, who instructed the informant to drive to the defendant's residence, 709 Broadway Street, Elmira, New York, to obtain methamphetamine. The informant and Lavigne entered the defendant's residence, where the defendant provided the informant with 113 grams of methamphetamine on consignment.

   d. The defendant was arrested on October 7, 2022, while driving Lavigne to a drug transaction. Lavigne was the rear seat passenger, and two other individuals were also in the vehicle. During the search of the vehicle and its occupants, law enforcement officers found a loaded Springfield 9mm handgun bearing serial number MG832416 in a black bag inside a purse. The defendant admits that he possessed this handgun and that he directed another occupant of the vehicle to place it in the purse shortly before he was arrested by law enforcement. At the time the defendant

3

   and Lavigne were arrested, Lavigne possessed approximately 226 grams of methamphetamine on his person.

 e. The defendant was previously convicted on or about June 2, 2017, in Chemung County Court, New York, of Criminal Possession of a Weapon in the Second Degree, a crime punishable by a term of imprisonment exceeding one year.

 f. The defendant admits that, at the time he possessed the above-referenced firearm, he knew that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

 g. No government authority had restored the rights of the defendant to lawfully possess a firearm.

 h. The Springfield 9mm handgun bearing serial number MG832416 is a firearm under Title 18, United States Code, Section 921(a)(3), and was not manufactured in the State of New York, and therefore would have had to travel in and affect interstate or foreign commerce in order to be possessed in the Western District of New York by the defendant on October 7, 2022.

 i. At least 150 grams but less than 500 grams of methamphetamine (actual) is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Information, which could be readily proven by the government at trial or at a sentencing hearing.

### III.  SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(4) apply to the offenses of conviction and provide for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristic applies:

a. the two-level increase pursuant to Guidelines § 2D1.1(b)(1) (dangerous weapon, including a firearm, was possessed).

## ADJUSTED OFFENSE LEVEL

8. Based on ¶¶ 6 and 7 of this agreement and Guidelines § 3D1.2(c), it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 34.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 31.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of 31 and criminal history category of III [II for RM DB], and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of

5

imprisonment of 121 to 151 months, a fine of $30,000 to $5,000,000, and a period of supervised release of 4 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

14. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV. STATUTE OF LIMITATIONS

15. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed or not pursued

6

pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. REMOVAL

16. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution or a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18. At sentencing, the government will move to dismiss the indictment pending against the defendant.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of 121 to 151 months, a fine of $30,000 to $5,000,000, and a period of supervised release of 4 to 5 years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that, pursuant to this plea agreement, the government has agreed not to charge the defendant with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), which, would subject the defendant to a term of imprisonment of 60 months to life to be imposed consecutively to any other sentence of imprisonment.

22. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of 121 to 151 months, a fine of $30,000 to $5,000,000, and a period of supervised release of 4 to 5 years, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

24. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm and ammunition described below and agrees that the firearm and ammunition constitute a nuisance as provided for in New York Penal Law § 400.05. The property is described as follows:

   a. one (1) Springfield 9mm handgun, bearing serial number MG832416; and

   b. two (2) rounds of 9mm Luger FC ammunition and magazine.

25. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above-referenced property.

26. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearm and ammunition survives and shall be given full force and effect.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

27. This plea agreement represents the total agreement between the defendant, DONTE T. BUCKLEY, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
SEAN C. ELDRIDGE
Assistant United States Attorney

Dated: September 5, 2024

I have read this agreement, which consists of pages 1 through 10. I have had a full opportunity to discuss this agreement with my attorney, ROMAN MISULA, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DONTE T. BUCKLEY
Defendant

Dated: September 5, 2024

_____
ROMAN MISULA, ESQ.
Attorney for the Defendant

Dated: September 5, 2024